FILED

ASHKHEN A. ARUTYUNYAN, PLAINTIFF IN PRO SE

1221 N SEWARD ST APT 102
LOS ANGELES, CA 90038

EMAIL: ASHKHEN55@YAHOO.COM

323-434-9112

2011 NOV 18 PM 7: 46

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHKHEN A. ARUTYUNYAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, a New York corporation,<br><br>Defendant. | CASE NO.: CV11-8969-JAK(PJWx)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1) VIOLATIONS OF FEDERAL FAIR CREDIT REPORTING ACT;<br>2) VIOLATIONS OF CALIFORNIA'S CONSUMER CREDIT REPORTING AGENCIES ACT;<br>3) DECLARATORY RELIEF.<br><br>**DEMAND FOR JURY TRIAL** |

Now comes the Plaintiff ASHKHEN A. ARUTYUNYAN ("Plaintiff") for her Complaint against Defendant JPMORGAN CHASE BANK ("Defendant") and alleges as follows:

## I. JURISDICTION AND VENUE

1. This action is brought by Plaintiff on behalf of herself against the named Defendant for violations the Fair Credit Reporting Act [15 U.S.C. §1681 et seq.] ("FCRA") and California's Consumer Credit Reporting Agencies Act [California Civil Code §1785.2 et seq.] ("CCRAA").

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p, California Civil Code §1785.33, and 28 U.S.C. §1337.

3. Supplemental jurisdiction rests upon 28 U.S.C. §1367.

4. Venue is proper in this United States District Court, Central District of California because Defendant's violations alleged below occurred in the County of Los Angeles, State of

California and within this District.

## II. PRIVATE RIGHT OF ACTION

1. Cal. Civ. Code §1785.15(f) expressly states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report. Plaintiff has further right to action pursuant to Cal. Civ. Code §1785.31(a), which states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

2. Pursuant to Gorman v. MBNA America Bank, N.A., No. 06-17226, Plaintiff is entitled to a Private Remedy Against Furnishers and FCRA Section 1681s-2(b) triggers Defendant's furnisher's liability under this section, since Plaintiff made her initial disputes with the credit reporting agencies.

3. 15 U.S.C. §1681n refers to consumers' ability to bring civil liability action against users/furnishers of information for willful noncompliance with provisions of the FCRA.

## III. THE PARTIES

5. Plaintiff ASHKHEN A. ARUTYUNYAN is a natural person residing in Los Angeles County, State of California.

6. Plaintiff is a consumer as defined in 15 U.S.C. §1681a (c) and California Civil Code §1785.3(b).

7. Defendant JPMORGAN CHASE BANK is a New York corporation, which regularly conducts business in the State of California.

8. Defendant is a person as defined in 15 U.S.C. §1681a (b) and California Civil Code §1785.3(j).

9. Defendant is a furnisher of information within the meaning of 15 U.S.C. §1681-s2.

10. Defendant acted through its agents, employees, directors, contractors and other authorized parties acting within the course and scope of their employment or agency and under the

direct supervision and control of the Defendant.

## IV. FACTS COMMON TO ALL COUNTS

11. In or around December 2010 Plaintiff, who is not a minor, checked her credit report from the three national credit reporting agencies, Experian, Equifax and Transunion (collectively "CRAs"), and discovered accounts (NO. 430154200083...., 438857602639...., and 541822434060....) reported by the Defendant, which she did not recognize.

12. On or about December 15, 2010 Plaintiff contacted the CRAs by telephone and disputed the unknown accounts pursuant 15 U.S.C. §1681s-2(b), which, within days, were claimed to have been verified by the Defendant.

13. On or about December 15, 2010 Plaintiff also contacted the Defendant directly by mail, with a dispute of the unknown accounts and a request for documentation substantiating the existence, ownership and accuracy of the accounts, otherwise their immediate and permanent deletion.

14. Defendant failed to provide the requested verification for the disputed accounts; nevertheless, Defendant continued to report the disputed accounts to the CRAs, without notice that the accounts had been disputed by Plaintiff, all throughout the verification period and thereafter.

15. Plaintiff followed up with Defendant on at least three (3) additional occasions, resubmitting her requests and demanding deletion of the unverified accounts due to the lack of verification.

16. Defendant continues to report the unverified accounts on Plaintiff's credit records.

17. The inaccurate accounts negatively reflect upon Plaintiff as a consumer, borrower/debtor and they negatively impact her credit worthiness and financial standing.

18. Plaintiff has suffered financial and emotional distress as a result of Defendant's violations.

## COUNT I
### Violations of FCRA

19. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 18 above.

COMPLAINT FOR DAMAGES- 3

20. Defendant knowingly and willfully violated the FCRA. Defendants' violations include, but are not limited to the following:

    a) Furnishing inaccurate/unverified information to the CRAs in violation of 15 U.S.C. §1681s-2 (a);

    b) Failing to inform Plaintiff about negative credit reporting made on her credit report, prior to or within five (5) days of furnishing a collection account to the CRAs, in violation of 15 U.S.C. §1681s-2 (a)(7)(A);

    c) Failing to conduct proper investigation of disputed information upon receipt of Plaintiff's dispute in violation of 15 U.S.C. §1681s-2 (a)(8)(E);

    d) Verifying disputed accounts with the CRAs prior to conducting thorough investigation and without having substantiating support for such verification;

    e) Reporting disputed information to the CRAs, without notice of Plaintiff's dispute, during the investigation period and prior to providing verification of accuracy in violation of 15 U.S.C. §1681s-2 (a)(3);

    f) Continuing to report unverified information to the CRAs after lack of response and verification;

## COUNT II
### Violations of CCRAA

21. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 20 above.

22. Defendant knowingly and willfully violated CCRAA. Defendant's violations include, but are not limited to the following:

    a) Submitting negative credit information to Plaintiff's credit report with the CRAs, without notifying the Plaintiff in violation of California Civil Code §1785.26(b);

    b) Continuing to report the account to the CRAs, upon receipt of Plaintiff's dispute and during the investigation period, without notice that the account has been disputed by Plaintiff in violation of California Civil Code §1785.25(c);

    c) Failing to acknowledge Plaintiff's demand for investigation and correction of

information furnished to the CRAs, following Plaintiff's receipt of CRAs' reinvestigation results in violation of California Civil Code §1785.30;

## COUNT III
### Declaratory Relief

23. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 22 above.

24. Plaintiff contends that the Defendant's actions constituted willful violations of the Fair Credit Reporting Act and Consumer Credit Reporting Agencies Act.

WHEREFORE, Plaintiff requests judgment to be entered in her favor and against the Defendant for:

1. Actual damages, per 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.31(a)(2)(A).

2. Statutory damages, per 15 U.S.C. §1681n (a)(1)(A) and/or Cal. Civ. Code §1785.19(a).

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. §1681n (c) and/or Code of Civil Procedure §490.020.

4. Punitive damages, per 15 U.S.C. §1681n (a)(2) and Cal. Civ. Code §1785.31(a)(2)(B), as the court may allow.

5. Injunctive relief, per Cal. Civ. Code §1785.31(b), ordering Defendant to delete the reporting of the unverified accounts.

6. Declaratory relief, which is available pursuant to 28 U.S.C. §2201 and §2202.

7. Any other relief as this Honorable Court deems appropriate.

DATED: November 17, 2011

Respectfully submitted,

By: _____

ASHKHEN A. ARUTYUNYAN, Plaintiff in Pro Se

Name & Address:
ASHKHEN ANI ARUTYUNYAN
1221 N SEWARD ST APT 102
LOS ANGELES, CA 90038
TEL. 323-434-9112

**FOR OFFICE USE ONLY**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| ASHKHEN A ARUTYUNYAN, an idividual<br>PLAINTIFF(S)<br>v. | 2:11-cv-08969-JAK-(PJWx) |
| JP MORGAN CHASE BANK, a New York corporation<br>DEFENDANT(S). | SUMMONS |

TO: DEFENDANT(S): JP MORGAN CHASE BANK

A lawsuit has been filed against you. **FOR OFFICE USE ONLY**

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☑ ___FIRST___ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __ASHKHEN A ARUTYUNYAN__, whose address is __1221 N SEWARD ST STE 102, LOS ANGELES, CA 90038__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: NOV 18 2011    By: ANDRES PEDRO
                          Deputy Clerk

(Seal of the Court) 1202

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**FOR OFFICE USE ONLY**

CV-01A (12/07)                    SUMMONS